```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
GREGORY PAPADOPOULOS, *pro se*,         :
                                        :
                Plaintiff,              :
                                        :         **MEMORANDUM & ORDER**
         -against-                      :         12-CV-3608 (DLI)(RLM)
                                        :
                                        :
TAMICO AMAKER, STEVE RABINOWITZ,:
and ANDREW CUOMO,                       :
                Defendants.             :
                                        :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* plaintiff Gregory Papadopoulos ("Plaintiff") filed this action against the Honorable Tamico Amaker, Judge of the Criminal Court of the City of New York, New York County, Andrew Cuomo, Governor of the State of New York, and Steve Rabinowitz, Executive Director of the Manhattan Psychiatric Center ("MPC"), alleging violations of 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO") and "numerous NYS Criminal, Torts, Negligence, Legal Malpractice, Medical and Psychiatric Malpractice, Corrections and Mental Hygiene [statutes]." (*See generally* Compl., Dkt. Entry No. 1.) Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Entries No. 11, 19.) Plaintiff also moves to recuse the presiding judge from this case. (Dkt. Entry No. 22.) For the reasons set forth below, the motions to dismiss are granted, the motion to recuse is denied, and the complaint is dismissed.

**BACKGROUND**

I.   **Underlying Criminal Proceedings and Incompetency Finding**

On December 24, 2008, Plaintiff filed an action in the United States District Court for the Southern District of New York ("Southern District") against the United States government, the Federal Bureau of Investigation ("FBI"), and the Palm Beach Mafia, alleging that corrupt FBI agents and the Palm Beach Mafia conspired in "bringing the destruction of the lives of numerous Palm Beach residents." (Compl. at 3.) According to Plaintiff, "during the pendency of [that case], the FBI retained a prostitute . . . as an informant to sabotage [his] legal efforts and entangle [him] with criminal allegations." (*Id.*) On August 9, 2010, the Honorable Richard M. Berman, U.S. District Judge for the Southern District, found that Plaintiff's complaint included conclusory and fantastic claims and dismissed the case. *See Papadopoulos v. United States*, 2010 WL 3155037 (S.D.N.Y. Aug. 9, 2010).

The following month, on or around September 2010, Plaintiff was charged in the Criminal Court of the City of New York, New York County, with twenty counts of Aggravated Harassment in the Second Degree, two counts of Stalking in the Fourth Degree, and one count of Harassment in the Second Degree.[1] (Defs. Cuomo and Rabinowitz's Mem. of Law in Support of Their Mot. to Dismiss ("Defs. Mem.") at 2, Dkt. Entry No. 16; Decl. of Adam J. Sansolo ("Sansolo Decl."), Exs. A, C, Dkt. Entry No. 17.) On January 14, 2011, pursuant to New York Criminal Procedure Law 730, Judge Deborah Kooperstein ordered an evaluation of Plaintiff to

---

[1] Documentation from Plaintiff's criminal case is not attached to the instant complaint. Accordingly, the Court takes judicial notice of those materials, "'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)).

determine his fitness to proceed. (Sansolo Decl. Ex. A.) On September 16, 2011, Judge Amaker found that Plaintiff lacked the capacity to understand the proceedings against him due to mental disease or defect. (*Id.* Ex. D.) As a result, Plaintiff was admitted to the MPC as an involuntary patient pursuant to New York Mental Hygiene Law § 9.27. (*Id.* Exs. C, D.)

On October 6, 2011, in Special Term Part II of the Supreme Court of the State of New York, County of New York, Justice Robert E. Torres denied Plaintiff's request for release from the MPC and found that the MPC had adequately demonstrated that: (1) Plaintiff was mentally ill; (2) inpatient care and treatment was essential for Plaintiff's welfare; and (3) Plaintiff was so impaired that he was unable to understand the need for such care and treatment. (*Id.* Ex. D.) On or about December 5, 2011, Plaintiff was discharged from the MPC. (Defs. Mem. at 3.)

## II. The Complaint

In this action, Plaintiff contends that Defendants "have made every effort possible, and exceeded their legal authority, in prolonging criminal proceedings and prolonging incarceration and confinement in a mental institution in order to retaliate for 1st Amendment exercise of free speech." (Compl. at 1.) Plaintiff seeks "in excess of $10,000,000 for damages . . . suffered as a result of improper decisions by Judge Amaker incarcerating and committing [him]" and "prior consistently unfavorable judicial decisions, damages for malicious prosecution, wrongful imprisonment, cruel and unusual punishment, as well as physical and mental damages suffered among others." (*Id.* at 2, 8.) According to Plaintiff, Judge Amaker "not only abused her discretion but also disregarded CPL [statutes]," and "employed numerous tricks in achieving her goal of long incarceration and commitment." (*Id.* at 4-5.)

Plaintiff contends that Cuomo is liable for "failing to supervise as Governor and failing to bring appropriate actions as Attorney General" with respect to Judge Amaker's purported

3

misconduct. (*Id.* Supporting Aff. at 5.) Plaintiff also claims that Rabinowitz is liable because he "failed to supervise" the MPC. (*Id.* at 4.) According to Plaintiff, the MPC "suppressed [Plaintiff's] legal rights" and "engaged in several fraudulent practices," including, *inter alia*, falsification of blood tests to "prove delusions" and "show low cholesterol so [MPC staff] do not diagnose [a] heart condition," attempts by doctors "to testify without being sworn-in," and the refusal "to administer any objective tests . . . rel[ying] exclusively on the subjective opinion of a Dr. Canete." (*Id.* at 5-6.)

## DISCUSSION

**I.     Legal Standard**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For

4

this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

In reviewing Plaintiff's complaint, the court is also mindful that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

**II.     Judge Amaker**

It is well settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988*); see also Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (extending judicial immunity to actions brought pursuant to Section 1983). Absolute judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). All of Plaintiff's allegations relate to actions taken by Judge Amaker in her judicial capacity during Plaintiff's

5

criminal proceedings. Nothing in the complaint reasonably suggests that Plaintiff's claim arises from nonjudicial actions, or judicial actions taken "in the complete absence of all jurisdiction." *Id.* at 11-12. Accordingly, Plaintiff's claims against Judge Amaker are dismissed on judicial immunity grounds.

**III.   Cuomo and Rabinowitz**

With respect to § 1983 claims, "supervisor liability . . . depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The Second Circuit has held that supervisor liability can be shown in one or more of the following ways: "(1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Hernandez*, 341 F.3d at 145 (citation omitted).

Here, although the complaint describes various purported constitutional violations, Plaintiff alleges no facts leading to the reasonable inference that Cuomo and Rabinowitz knew about or were personally involved in the relevant events, or that they created a policy or custom under which the violations occurred. As to Cuomo, although Plaintiff alleges that he has "written numerous letters to Governors" (Compl. Supporting Aff. at 5), Plaintiff does not identify those governors by name or describe with any specificity the contents of those

6

communications. Indeed, nothing in the complaint suggests that Cuomo actually received and read letters from Plaintiff, or that Cuomo was otherwise aware of the circumstances of Plaintiff's judicial proceedings and detention at the MPC. *See Armstead v. Dep't of Corrs. Cmty. Supervision*, 2013 WL 1312017, at *4 (E.D.N.Y. Mar. 28, 2013) (collecting cases and dismissing § 1983 claims where "[plaintiff's] only allegations against the supervisory defendants [were] that they failed to respond to letters he sent them complaining of his detention").

As to Rabinowitz, the complaint's conclusory allegation that Rabinowitz "failed to supervise the entire center" (Compl. Supporting Aff. at 3) does not establish liability under § 1983. *See Hernandez*, 341 F.3d at 144. In his opposition brief, Plaintiff further contends that: (1) "[Rabinowitz] [h]ad several personal interactions with Plaintiff and knew Plaintiff did not belong in the institution," and (2) that "Rabinowitz had knowledge of this lawsuit as Plaintiff typed the complaint in a hospital computer having no access to any law library or internet connection . . . ." (Pl.'s Opp. to Defs.' Mot. to Dismiss at 8, Dkt. Entry No. 23.) However, these assertions, which were not included in Plaintiff's complaint,[2] are vague, conclusory, and otherwise convoluted, and do not suggest that Plaintiff has a plausible claim under § 1983.

For similar reasons, Plaintiff's allegations do not state a RICO claim against either Cuomo or Rabinowitz. *See Nat'l Group for Commc'ns and Computers, Ltd. v. Lucent Techs. Inc.*, 2004 WL 2903745, at *3 (S.D.N.Y. Dec. 15, 2004) (noting that RICO liability "requires personal involvement by each defendant"). Nor does the complaint properly allege any other

---

[2] See *Salemo v. Murphy*, 2012 WL 4714765, at *2 (S.D.N.Y. Sept. 27, 2012) ("[A]lthough courts afford *pro se* plaintiffs a fair measure of procedural latitude . . . this latitude typically does not extend so far as permitting a plaintiff to supplement the claims in his complaint with additional allegations in his motion papers." (citing *Graham v. Lewinsky*, 848 F.2d 342, 344 (2d Cir. 1988); *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998))).

federal claim of which this court is aware, even under the liberal standard of review for *pro se* litigants.[3]

Accordingly, Plaintiff's claims against Cuomo and Rabinowitz are dismissed.

## IV.  Motion for Recusal

Plaintiff also moves to disqualify the undersigned from this case pursuant to 28 U.S.C. §§ 455(a) and (b)(1). (Mot. to Disq., Dkt. Entry No. 22.) 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). 28 U.S.C. § 455(b)(1), in turn, provides that a judge shall disqualify himself where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The ultimate inquiry is whether "a reasonable person, knowing all the facts, [would] conclude that the . . . judge's impartiality could reasonably be questioned." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

Here, Plaintiff contends that he was "financially destroyed as a result of absurd decisions rendered by numerous NYS judges while acting in concert with the FBI/[Palm Beach Mafia]. Some judges even engaged in predicated acts as defined by RICO." (Mot. to Disq. at 1.) As such, Plaintiff claims that recusal is warranted because: (1) "as a former prosecutor and native of Puerto Rico, [the undersigned] satisfies both criteria for being selected by the FBI/[Palm Beach Mafia] to sit in this case;" and (2) the undersigned "sat in NYC Criminal Court for the years 1995-1997 and as such must have already formed opinions and beliefs as to what practices should be, instead of relying on the evidence presented by the parties." (*Id.* at 3.)

---

[3] Even assuming, *arguendo,* that Plaintiff has viable state law claims against Cuomo and Rabinowitz, the complaint does not demonstrate that there is complete diversity between the parties to establish subject matter jurisdiction.

8

Plaintiff's recusal motion is without merit because the facts identified by Plaintiff are, at best, "remote, contingent, [and] speculative." *Lovaglia*, 954 F.2d at 815. Nor does Plaintiff point to any extrajudicial conduct that would conceivably demonstrate personal bias or prejudice. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1314 (2d Cir. 1988) ("A determination of bias under [§ 455(b)(1)] must be based on extrajudicial conduct, not conduct arising in a trial setting.").

Accordingly, Plaintiff's motion for recusal is denied.

## V.     Warning

The Court notes that many of the factual allegations in Plaintiff's complaint are frivolous, irrational, and, at times, incomprehensible.[4] Plaintiff, who admits to being a party to over 40 civil cases over the past decade, has been barred from filing future actions in the Southern District without prior permission due to his repeated filing of frivolous actions. *See Papadopoulos v. Mineeva*, 10 Civ. 4882 (S.D.N.Y. Feb. 8, 2011). In addition to the instant case, Plaintiff has filed two other actions in this district, both of which have been dismissed *sua sponte*, in which he advances frivolous and fantastic allegations of the purported conspiracy between the Palm Beach Mafia and various members and branches of government. *Papadopoulos v. Fanjul*, 2013 U.S. Dist. LEXIS 86622 (E.D.N.Y. June 19, 2013); *Papadopoulos v. Obama*, 2013 U.S. Dist. LEXIS 55093 (E.D.N.Y. Apr. 16, 2013). Plaintiff is on notice that further filing of non-

---

[4] Accordingly, the complaint also does not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Moreover, had Defendants not moved to dismiss the action, dismissal nonetheless would be warranted pursuant to section 1915(e)(2)(B) of Title 28 of the United States Code, which requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

meritorious complaints in the Eastern District of New York may result in the issuance of an order barring the acceptance of any future complaints for filing without first obtaining leave of court to do so.

Ordinarily, courts should grant leave to *pro se* plaintiffs, at least once, to amend their complaints. If repleading would be futile, however, courts should refrain from granting leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, in light of Plaintiff's extensive litigation history, in this district and others, and the frivolous nature of certain allegations, the Court declines to afford Plaintiff leave to amend. *See Gianetti v. Blue Cross & Blue Shield of CT., Inc.*, 351 F. App'x 520, 522 (2d Cir. 2009) (finding district court did not abuse discretion in denying leave to amend where *pro se* plaintiff's "long history of bringing vexatious claims against former patients and insurance providers suggest[ed] the appearance of bad faith"); *Harvey v. Harvey*, 108 F.3d 329 (2d Cir. 1997) ("[J]ustice does not require that an amendment be permitted here in light of [*pro se* plaintiff's] history of repeated institution of meritless charges in this and related litigation."). The Court must conserve its time and resources.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for recusal is denied, Defendants' motions to dismiss are granted, and the complaint is dismissed. Although Plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment in favor of Defendants and close the case.

SO ORDERED.

Dated: Brooklyn, New York
       June 25, 2013

                                                           /s/
                                       DORA L. IRIZARRY
                                   United States District Judge